**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PENNY MCCRIMMON,
Plaintiff-Appellant,

v.                                                                  No. 97-2343

GLOBE BOOK COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-96-1356-CCB)

Submitted: April 30, 1998

Decided: June 16, 1998

Before MURNAGHAN, WILKINS, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Morris, Jr., Baltimore, Maryland, for Appellant. Barrett W.
Freedlander, WEINBERG & GREEN, L.L.C., Baltimore, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Penny McCrimmon ("McCrimmon") appeals the district court's order granting summary judgement to Globe Book Company ("Globe") on her breach of contract claim. Finding no error, we affirm.

I.

Globe, a publisher and distributor of educational text books, employed McCrimmon as a sales representative under a one-year contract in November 1992. McCrimmon was responsible for generating book sales in a defined territory that included Delaware, Maryland, Northern Virginia, and Washington, D.C. Globe agreed to pay McCrimmon a base salary of $35,000, plus commission if she generated sales equaling eighty percent of her designated performance quota. McCrimmon's quota was $1,050,000, which included her personal quota of $750,000 and a $300,000 additional quota for an independent sales agent assigned to her territory.

In April 1993, Globe discharged McCrimmon. At that time, her sales production was $100,395 and the independent sales agent had generated $13,363. McCrimmon brought suit against Globe for unpaid commissions, claiming that she was entitled to commissions for the balance of the contract year, despite the fact that she was no longer employed by Globe during that time. In August 1997, the district court granted Globe's motion for summary judgment, finding that McCrimmon had failed to dispute Globe's evidence that she had not met her sales quota at the time of her discharge and was not otherwise entitled to any unpaid commissions. McCrimmon appeals the district court's order.

II.

We review the district court's granting of summary judgment de novo.[1] Summary judgment is appropriate when "the pleadings, depo-

_____

[1] See United States v. Leak, 123 F.3d 787, 791 (4th Cir. 1997).

2

sitions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party."[3]

With this in mind, we hold that the district court properly granted Globe's motion for summary judgment. McCrimmon failed to dispute Globe's evidence that sales representatives are only entitled to commissions for months during which they are employed by Globe. Globe submitted the affidavit of Allan Blondell ("Blondell"), McCrimmon's supervisor, which stated that McCrimmon was compensated in accordance with Globe's "Sales Representatives' Compensation Plan." That Plan, which was attached to Blondell's affidavit, states that upon discharge of a sales representative, whether voluntary or involuntary, commissions will be paid through "the last shipping day of the month."[4] In McCrimmon's case, her entitlement to commissions was properly calculated through the end of April 1993, at which time she had only generated approximately one-seventh of her personal quota. In addition, through Blondell's affidavit, Globe offered credible evidence that, even if McCrimmon received production credit for sales through the end of her contract year, she still would not have met the threshold triggering her commission.

To dispute this evidence, McCrimmon submitted an affidavit stating that she was never told that her right to commissions was dependent on her continued employment with Globe and that she never signed an agreement containing the terms of Globe's commission structure. Rather, she contended that under prevailing standards in the industry, the company generally pays a sales representative for sales generated in her territory even after the representative leaves the company's employ. In addition, McCrimmon submitted the declaration of Maria Harris ("Harris"), who worked for Globe from 1987 to 1989, several years before McCrimmon's employment. Harris's recollection

_____

[2] Fed. R. Civ. P. 56(c).

[3] **Shaw v. Stroud**, 13 F.3d 791, 798 (4th Cir. 1994).

[4] J.A. at 34.

3

of Globe's commission structure was consistent with McCrimmon's assertion about industry standards. However, "[t]he party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial."**5** McCrimmon presented no evidence of any agreement by Globe to pay her commission other than a general assertion of an oral contract, the terms of which she could not recall.**6** The existence of an industry standard simply is not sufficient to create a contractual agreement between Globe and McCrimmon. In the absence of specific facts showing that there was a genuine issue for trial, the district court properly determined that McCrimmon had not presented a genuine issue of material fact.

Accordingly, we affirm the district court's order awarding summary judgment to Globe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**5** **Rivann Trawlers Unltd. v. Thompson Trawlers, Inc.**, 840 F.2d 236, 240 (4th Cir. 1988).
**6** J.A. at 44, 55.

4